UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK E. BYBEE,

    Plaintiff,

v.                                              CASE NO. 8:15-cv-1026-T-23MAP

TOM KNIGHT, et al.,

    Defendants.
_____/

**ORDER**

In late August 2014, non-parties vandalized Frank E. Bybee's recreational vehicle, which Bybee had parked at Conley RV, Inc. A local news channel interviewed Bybee, a police officer, about the vandalism. Tom Knight, Sheriff of Sarasota County, punished Bybee for the interview. In this action, Bybee sues (Doc. 2) Knight, Conley RV, Roger Conley, and Jeffrey Conley. Conley RV, Roger Conley, and Jeffrey Conley (collectively, the Conley defendants) move (Docs. 5, 6) to dismiss Counts III, IV, V, and VI.

**1. Count III**

Count III is entitled "VIOLATIONS OF SECTION 112.532, FLORIDA STATUTES (Defendant KNIGHT in his Official Capacity and the Conley Defendants)." (Doc. 2 at 25) Section 112.532 contains approximately 1,700 words and six sub-sections, each with further sub-sections.

The Conley defendants reasonably infer that Bybee alleges a claim under Section 112.532(3), which grants Bybee "the right to bring civil suit against" a Conley defendant "for filing [with Knight] a complaint against [Bybee] which the [Conley defendant] knew was false when it was filed."  The Conley defendants argue that Bybee fails to state a claim because "[t]here is no allegation in the Complaint that says any Conley Defendant 'filed' a complaint against Plaintiff."  (Doc. 6 at 2)  The Conley defendants correctly note that Bybee failed to use the word "filed"; the complaint alleges that Knight "received" a complaint from "one or more of the Conley defendants."  (Doc. 2 at 29)  But "[t]he Court will not dismiss an action simply because Plaintiffs fail to use 'magic words' when the pleading is otherwise sufficient."  *Platinum Estates, Inc. v. TD Bank, N.A.*, 2012 WL 760791 (S.D. Fla. Mar. 8, 2012) (Marra, J.).

Also, the Conley defendants argue that Bybee fails to state a claim because "[t]here [i]s no allegation that any Conley Defendant filed or voiced a complaint that they knew was false."  (Doc. 6 at 2)  The Conley defendants correctly note that Bybee fails to allege explicitly that the Conley defendants "knew [the complaint] was false."  However, Bybee's complaint alleges that the Conley defendants submitted a "baseless and punitive" complaint to Knight in retaliation for Bybee's "expos[ing]" the Conley's "business practices . . . on television."  (Doc. 2 at 30)  "Dismissing the complaint for the failure to choose the correct words, when the meaning of the allegations [is] clear, would return us to the days of the common law forms of

pleading." *Smith v. Meese*, 821 F.2d 1484, 1496 (11th Cir. 1987). Bybee's meaning is clear.

**2. Count IV**

Count IV alleges "tortious interference with an advantageous business relationship" against the Conley defendants. (Doc. 2 at 31) To state a claim for tortious interference with a business relationship, a plaintiff must allege "(1) the existence of a business relationship (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Gossard v. Adia Servs., Inc.*, 723 So. 2d 182, 184 (Fla. 1998) (internal quotation marks omitted).

The Conley defendants admit that "the Complaint generally recites all of the essential elements" of a claim for tortious interference but assert, "The Complaint does not contain any ultimate facts or specific allegations concerning the Conley Defendants' conduct that support Plaintiff's bare and general allegations to any degree." (Doc. 6 at 3) The Conley defendants neither identify a specific missing allegation nor cite legal authority. Further, a review of the complaint reveals that the complaint complies with Rule 8(a)(2), Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim."

Citing no particular page of *Networkip, LLC v. Spread Enterprises, Inc.*, 922 So. 2d 355 (Fla. 3d DCA 2006), the Conley defendants assert that "the conduct of the

Conley Defendants, that was alleged in the Complaint, was privileged and justified as it was undertaken to protect their own economic interests." (Doc. 6 at 3)  A defendant may move to dismiss based on facts or law that present also an affirmative defense, but "the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion."  Wright & Miller, *Federal Practice and Procedure*, Vol. 5B, § 1357 (3d ed. 2015) (footnote omitted). In the motion to dismiss, the Conley defendants assert a matter in the nature of an affirmative defense (that is, a matter in avoidance of the claim) but identify no allegations in the complaint that serve as a factual predicate on which to base the defensive assertion.  In other words, the Conley defendants fail to "clearly indicate" that the applicability of the defense "appear[s] on the face of the" complaint.

**3. Count V**

Count V alleges civil conspiracy against each defendant.  To state a claim for civil conspiracy, a plaintiff must allege "(1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy."  *Philip Morris USA, Inc. v. Russo*, ___ So. 3d ___, 2015 WL 1472282, at *5 n.9 (Fla. Apr. 2, 2015).

The Conley defendants assert that the complaint "does not allege sufficient ultimate facts to establish that the Conley Defendants participated in any concert of action, any unlawful purpose or any lawful purpose by any unlawful means."

(Doc. 6 at 3)  Like before, the Conley defendants neither identify a specific missing allegation nor cite legal authority; the complaint complies with Rule 8(a)(2), which requires "a short and plain statement of the claim."

Also, the Conley defendants assert that "the Complaint contains no factual allegations whatsoever which demonstrate the Conley Defendants' involvement in any alleged conspiracy with any other Defendant." (Doc. 6 at 3)  However, a civil conspiracy exists between "two or more parties," which means "two or more persons."  The Conley defendants are three persons (and, also, three parties to this action).

**4. Count VI**

Count VI alleges a claim under Section 448.045, Florida Statutes, which "deem[s]" a person who commits an act described in the statute "guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083." The Conley defendants argue that "the plain reading of F. S. 448.045 reveals that the Florida Legislature did not intend to permit F. S. 448.045 to serve as a basis for a private cause of action."  (Doc. 6 at 4)  The defendants are correct; no private right of action exists under Section 448.045.  *Irwin v. Miami-Dade Cnty. Pub. Sch.*, 2009 WL 497648, at *5 (S.D. Fla. Feb. 25, 2009) (Cooke, J.) (holding that "Fla. Stat. § 448.045 cannot be sued upon in a private cause of action" because the statute "provides for a criminal punishment[] but . . . does not discuss civil remedies"), aff'd, 398 Fed. Appx. 503 (11th Cir. 2010) (per curiam); *Morrison v. Morgan Stanley Properties*, 2007

WL 2316495, at *10 (S.D. Fla. Aug. 9, 2007) (Torres, J.) (same); *see also Ochab v. Morrison, Inc.*, 517 So. 2d 763, 764 (Fla. 2d DCA 1987) ("While the legislature has provided criminal penalties for violation of [Section 562.50, Florida Statutes], it has not provided civil remedies.  We decline to act where the legislature has chosen not to . . . .").

## CONCLUSION

The Conley defendants motion (Doc. 5) to dismiss is **GRANTED IN PART**.  Count VI is **DISMISSED WITH PREJUDICE**.  The motion (Doc. 5) to dismiss is otherwise **DENIED**.  No later than **AUGUST 20, 2015**, the Conley defendants must answer.

ORDERED in Tampa, Florida, on August 5, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE